UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICOLE THOMPSON, STEVEN MCDONALD
& GLENISHA RHONE,

     Plaintiffs,

    *-against-*

CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE
OFFICER ANGEL RODRIGUEZ, SHIELD #
12325, 43 PCT., SERGEANT KEVIN
FINEGAN, SHIELD # 1598, STRATEGIC
RESPONSE GROUP, & POLICE OFFICERS
"JOHN AND JANE DOE," SHIELD
NUMBERS & PRECINCTS UNKNOWN,

     Defendants.

---

11 Civ. 15 (6276)

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

---

   Plaintiffs NICOLE THOMPSON, STEVEN MCDONALD & GLENISHA

RHONE, by and through their attorney, Steven H. Goldman, Esq., for their Complaint

allege as follows:

### JURISDICTION AND VENUE

   1.  This action arises under the Fourth and Fourteenth Amendments to the

United States Constitution, 42 U.S.C. §§ 1983 and 1988 and New York state common

law.

   2.  The jurisdiction of the Court is predicated upon 28 U.S.C. §§ 1331,

1343(a)(3) and (4), 1367(a), and the doctrine of pendent jurisdiction.

   3.  The acts complained of occurred in the Southern District of New York,

and venue is lodged in the Court pursuant to 28 U.S.C. § 1391(b).

4.      The action has been commenced within one year and three months after the happening of the event upon which the claim is based.

## JURY DEMAND

5.      Plaintiff demands trial by jury in the action.

## THE PARTIES

6.      Plaintiffs Nicole Thompson, Steven Mcdonald & Glenisha Rhone are U.S. citizens.  Nicole resides in New Jersey, Steven resides in Bronx County, New York State, and Glenisha resides in Florida.  The incident took place in Bronx County, New York State.

7.      Defendant City of New York ("the City") is a municipality organized and existing under the laws of the State of New York.  At all times relevant hereto, the City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel.  In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD (and regulations of the NYPD patrol guide), and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

8.      At all times relevant hereto, Defendants were police officers employed by and/or under the supervision of the New York Police Department, acting in their capacity as agents, servants, and employees of the City of New York, and within the scope of their employment as such.

9.     On the date of the incident, Nicole was a 46-year-old woman who resided at 1289 Amherst Ave., Union, New Jersey, where she continues to reside.  On the date of the incident she worked as a property manager at Columbia University, where she continues to work.

10.     On the date of the incident Steven lived at 480 East 188 Street, Apt. 16J, Bronx, N.Y., where he continues to reside.  He works at Appleby's restaurant.

11.     On the date of the incident Glenisha lived at 3996 White Plains Rd., Bronx New York.  She currently resides at 3620 Blackdog Court, Tavares, Florida.  She is a certified nurse who currently works at part-time at Florida Hospital and part-time at Convergys, both located in Lake Mary, Florida.

12.     The criminal charges against all three plaintiffs were withdrawn by the Bronx District Attorney's office on October 18, 2014.  The Affidavit in Support of Declining /Deferring Prosecution cited "lack of sufficient evidence to meet our burden of proof at trial."  See Exhibit #1:  Affidavit in Support of Declining/Deferring Prosecution.

## FACTUAL ALLEGATIONS

13.     On October 17, 2014, Nicole Thompson, Steven Mcdonald & Glenisha Rhone were asleep inside 480 East 188 Street, Apt 16J, located in Bronx, N.Y.  The apartment belonged to Laman McDonald. Nicole was sleeping over at the apartment because she was dating Laman, while Steven brought his girlfriend Glenisha and together they, too, were spending the night at Laman's apartment.

14.     Around 4am someone began to bang loudly on Laman McDonald's apartment door.  Steven got out of bed and opened the door to his bedroom.  He saw that

the front door to the apartment had been knocked down and approximately ten police officers carrying assault rifles and wearing body armor and helmets were entering the apartment. They charged into the apartment with their weapons drawn. Pointing their weapons at Steven, they screamed, "On the floor or we'll shoot you." Steven complied and got on the floor. The police then entered Laman's room brandishing their weapons and shining flashlights. Nicole and Laman were asleep and naked in the bed. The police order them out of bed and both comply, whereupon Laman was handcuffed. Shortly thereafter an officer screamed for them to stand-up, which they both did. The officer ordered Nicole, who was still uncuffed, to put her hands in the air, which she did. Nicole stood naked beside the bed for approximately ten minutes, struggling to cover her body while the male officers walked around and searched the apartment. She remained standing naked beside the bed until a police officer told her she could put on some clothes, which she did, after which she was cuffed. Terrified, confused and crying, she repeatedly asked the police why they were there. She and Laman were eventually moved to the living room while the police continued to search the apartment.

15.     From inside Laman's bedroom the police recovered a desktop computer, monitor, two printers, one of which was an ID card printer, a credit card skimmer, and blank checks and ID card stock. The police asked Laman if there was any other contraband in the apartment, and Laman replied that there was a gun in the closet.

16.     The computer and related items looked like generic home office items. Unless one were personally familiar with the items and their uses, one would have no way of knowing whether they were used for legitimate or illicit purposes. As for the gun, it was concealed inside a box that was inside a bag at the bottom of a closet. Again,

unless one had looked into the particular box within the bag inside the closet, or was told what its contents were, one would have no way of knowing that a gun was present there.

17. While the police were still inside the apartment, Laman told them that all of the contraband in the apartment was his and his alone. This is something he told the police repeatedly. According to the Affidavit in Support of Declining/Deferring Prosecution filed by the Bronx District Attorney's office, Lamont made a statement to the police, while they were still in his apartment, and again later when they were being held at the precinct, "absolve[ing] the other three individuals in the apartment of all responsibility for the weapon and forgery devices." See Exhibit #1.

18. Despite multiple statements by Laman to the police absolving the three other people in the apartment of any responsibility for the contraband recovered within the apartment, the police arrested Nicole, Glenisha and Steven in addition to Laman. The three of them were kept in custody for approximately 41 hours before the Bronx District Attorney's office formally declined to prosecute them and they were all released. It should be noted that the District Attorney's office had no more information about the facts of the arrest than the police had while they were still inside Laman's apartment. The police had all the information they needed to make a decision about the existence of probable cause to arrest the Plaintiffs. Despite the information they had, and despite the patent absence of probable cause to arrest the three Plaintiffs, the police took the Plaintiffs into custody and needlessly kept them there for 41 hours.

19. The three Plaintiffs and Laman were walked out of the apartment, single file, in front of the neighbors and passersby. They remained in handcuffs for approximately four hours.

20.    Nicole, who had never been arrested, was thoroughly humiliated by the entire arrest process, from the single file walk out of the apartment in handcuffs to the many hours she spent over the course of almost two full days in cells. She felt anxious and upset for approximately two weeks after she was released. She lost her normal appetite, had a perpetually upset stomach and experienced frequent nightmares. She continues to experience flashbacks to her arrest and incarceration. To add insult to injury, the police never returned $300 or the two phones – one work, one personal – that they took from her the day of her arrest.

21.    While Glenisha was in jail, she wanted nothing more than to tell her parents what happened and seek their help. She felt so mortified at finding herself in jail, however, that it took her hours before she could summon the courage to call them. When she finally spoke with her mother, she cried throughout the conversation. In addition, while she was being held in a cell in the Precinct, another woman was arguing with some people in the cell. When Glenisha asked the woman if she could be quieter, the woman approached close to her and began yelling and spitting at her. She had nightmares that lasted for several nights after her release from custody. Finally, Glenisha's handcuffs were too tight and left bruises on her wrists which were painful for the next week to ten days after her release from jail.

22.    The handcuffs that were placed on Steven were too tight. When he said they were too tight and asked if they could be loosened, the police claimed they didn't have the key to his cuffs. As a result, he had pain in his wrists for the next three days after he was released. He also experienced nightmares and had difficulty sleeping for approximately one week after the incident.

23.     As a result of the false arrest inflicted on the Plaintiffs by members of the New York City Police Department, Nicole Thompson, Steven Mcdonald & Glenisha Rhone suffered significant – and entirely unnecessary – physical, emotional and psychological injury, fear, pain and humiliation.

24.     Any minimally competent police officer would have realized that there was no probable cause, reasonable suspicion, or any reason whatsoever to arrest the Plaintiffs for the property that was recovered inside Laman McDonald's bedroom. Laman made it abundantly clear that all the contraband belonged to him and him alone. Nor was there any objective reason to believe that the contraband recovered belonged to anybody other than Laman McDonald.

25.     As a result of Defendants' above-described conduct, including falsely arresting and imprisoning the Plaintiffs, they each suffered physical and emotional injury, pain and suffering, emotional distress, mental anguish, humiliation and embarrassment.

26.     The arrest and detention of all three Plaintiffs lacked probable cause, and was done maliciously, falsely and in bad faith.  Defendants acted in wanton and reckless disregard for their rights and emotional well-being.

27.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered and/or continue to suffer emotional and psychological pain, mental anguish and other losses.  Plaintiff Nicole Thompson also had her two phones and $300 U.S. Currency confiscated, neither of which was ever returned to her.

28.     In terms of specific injury, the three Plaintiffs suffered pain – both physical and emotional – as a result of the approximately 41 hours of their incarceration. Following their incarceration, each of them suffered either continuing physical pain,

emotional pain, flashbacks or a sense of lost security that undermined their psychological well-being.

29.     The City either knew or should have known that the Individual Defendants were prone to unlawful arrests or were likely to engage in such arrests.

30.     This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
(Against the Individual Defendants)

31.     Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

32.     By the above, and by arresting and imprisoning Plaintiffs without probable cause, unreasonably seizing and searching them, falsely imprisoning them, and failing to take steps to intercede and protect them from the above, the Individual Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

33.     In addition, the Individual Defendants conspired among themselves to deprive Plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

34.     The Individual Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their respective employments as NYPD officers.  Said acts by the Individual Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Individual Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

35.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment
(Against Defendant Police Officers and The City of New York)

36.     Plaintiffs repeats and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

37.     By the actions described above, Defendant Police Officers falsely arrested, falsely imprisoned and detained Plaintiffs without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.   The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiffs and violated her common law rights guaranteed to her by the laws of the State of New York.

38.     The City, as the employer of each of the Defendant Police Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

39.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
**Assault & Battery**
**(Against All Defendants)**

40.     Plaintiffs repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

41.     The Officer Defendants intentionally, willfully, and maliciously assaulted Plaintiffs in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally did violent and/or menacing acts which threatened such contact to Plaintiffs, and that such act(s) caused apprehension of such contact in Plaintiffs.

42.     The City of New York, as the employer of the Police Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

43.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Negligent Hiring, Training, Discipline, Retention and Supervision of
Employment Services
(Against Defendant City of New York)

44.     Plaintiffs repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

45.     The City, through the NYPD, owed a duty of care to Plaintiffs to prevent the abuse sustained by them.  Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiffs, or to those in a like situation, would probably result from their conduct.

46.     Upon information and belief, the Individual Defendants were unfit and incompetent for their positions as police officers.

47.     Upon information and belief, the City knew or should have known through the exercise of reasonable diligence that the Individual Defendants were likely to make false arrests.

48.     Upon information and belief, the City's negligence in hiring, training, disciplining, supervising, and retaining the Individual Defendants proximately caused Plaintiffs lasting mental, emotional, reputational, and professional injuries.

49.     Upon information and belief, because of the City's negligent hiring, training, disciplining, supervising, and retaining of the aforementioned Individual Defendants, Plaintiffs incurred significant and lasting mental, emotional, reputational, and professional injuries.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

a.     Compensatory damages in an amount to be determined at trial;

b.     Punitive damages;

c.     Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

d.     Such other and further relief as the Court may deem just and proper.

Dated: Bronx, New York
       August 3, 2015

Steven H. Goldman, Attorney at Law

Steven H. Goldman
190 E. 161 Street
Bronx, New York 10451
(718) 538-5743
*Attorney for Plaintiffs Nicole Thompson, Steven
Mcdonald & Glenisha Rhone*

## INDIVIDUAL VERIFICATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK                    SS:


Steven McDonald, being duly sworn, deposes and says the following:  that he is the claimant in the within action; that he has read the factual allegations contained within the complaint, and that he confirms the accuracy of said contents.


_____

Steven McDonald

AVA G. GUTFRIEND
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GU6290988
Qualified in Nassau County
My Commission Expires October 18, 2017

_____

Sworn to Before Me on This __30th__ Day of

July, 2015.

## INDIVIDUAL VERIFICATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK            SS:


Nicole Thompson, being duly sworn, deposes and says the following:  that she is the claimant in the within action; that she has read the factual allegations contained within the complaint, and that she confirms the accuracy of said contents.

_____

Nicole Thompson


_____

Sworn to Before Me on This 30th Day of July, 2015.

AVA G. GUTFRIEND
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GU6290958
Qualified in Nassau County
My Commission Expires October 15, 2017

<u>INDIVIDUAL VERIFICATION</u>

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK          SS:


Glenisha Rhone, being duly sworn, deposes and says the following:  that he is the claimant in the within action; that he has read the factual allegations contained within the complaint, and that he confirms the accuracy of said contents.

_____

Glenisha Rhone

_____

Sworn to Before Me on This 22nd Day of
July,
June, 2015.

MAKYRA  O'REILLY
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE868786
Expires 4/9/2017

## <u>EXHIBIT  #1:</u>
## <u>AFFIDAVIT IN SUPPORT OF DECLINING/DEFERRING</u>
## <u>PROSECUTION</u>

Typed by: D'ANGELO, PETER L

AFFIDAVIT IN SUPPORT OF DECLINING/DEFERRING PROSECUTION

```
===================================================================
Arresting Officer's
--------------------                          Arrest
Name    : RODRIGUEZ ANGEL                     ------------------------
Rank    : PO                                  Arrest Date: 10/17/2014
Shield  : 12325                               Arrest Time: 06:30
Command : 43 PCT
TaxID   : 951158000
===================================================================
CHARGES:
---------
  P.L. 170.40(2)

===================================================================
Defendants
----------                            Address
```

```
1.
2.
3.  B14673688 STEVEN MCDONALD             480 EAST 188 STR
4.  B14673690 GLENISA RHONE               480 EAST 180 STR

===================================================================
Complainant's Name:
--------------------
NONE

===================================================================
Category for Declining/Deferring prosecution:
----------------------------------------------------------
The People do not have sufficient evidence to prove the defendant committed
the crime(s) charged beyond a reasonable doubt.

===================================================================
Reason(s) for declining/deferring prosecution:
--------------------------------------------------
The People are declining to prosecute the instant matter against the above
defendants due to insufficient evidence to support the charges.
```

On October 17, 2014, police officers were present at 480 East 188th Street, Apartment 16J, to execute a valid search warrant issued by Honorable Justice of the Supreme Court on October 12, 2014 and valid for 10 days thereafter. The object of the search warrant was a firearm. Present in the apartment were Laman McDonald (B14673683), Steven McDonald, Glenisa Rhone, and Nicole Thompson. Glenisa Rhone and Steven McDonald were asleep in one bedroom while Laman McDonald and Nicole Thompson were asleep in the other. All four individuals were secured in handcuffs while officers searched the apartment. Before finding any firearm, officers noticed that inside Laman McDonald's bedroom were numerous pieces of forgery equipment, including a desktop computer and monitor, two printers, including an ID card printer, a credit card skimmer, blank check stock, and blank ID card stock. Sergeant Finegan eventually recovered a 9mm pistol and ten rounds of 9mm caliber ammunition from a shoebox in the closet of Laman McDonald's bedroom.

Laman McDonald confessed to possession of all the above contraband. All four individuals were arrested. At the 43rd Precinct, Laman McDonald once again made a full confession, this time in writing. He again absolved the other three individuals in the apartment of all responsibility for the weapon and forgery devices.

At approximately 11:30 am, Terrell Cornwell arrived at the apartment while police officers were waiting to secure the location. Cornwell stated to officers that he was there to see Laman McDonald. Cornwell was carrying a bag, which he


002307480

gave the officers consent to search. In the bag was a package addressed to a third party containing three reams of blank check stock. Cornwell was then placed under arrest.

Laman McDonald was interviewed at the Bronx District Attorney's Office. McDonald repeated his earlier story, insisting that his brother and the two women in the apartment had no knowledge or involvement in any criminal activity. McDonald also refused to implicate Terrell Cornwell. McDonald stated that he has dated Nicole Thompson for about three years, but she lives in New Jersey and he has not involved her in any of his criminal activities. Laman McDonald will be charged with possession of the firearm, ammunition, and forgery devices.

Terrell Cornwell was also interviewed at the Bronx District Attorney's Office. Cornwell stated that he never gave officers permission to open the package. Cornwell stated that he was taking the package to the post office to return to sender. Cornwell first stated the package had been delivered to his mother's apartment by mistake, and then changed his story to say it had been delivered to his girlfriend, Dara Tillard. Cornwell stated he went to the apartment to visit Steven McDonald, not Laman McDonald. Cornwell stated that he does not have much to do with Laman McDonald because he is "an older man."

As to Steven McDonald, Glenisa Rhone, and Nicole Thompson, the people are declining to prosecute for lack of sufficient evidence to meet our burden of proof at trial. Laman McDonald has claimed full responsibility for all contraband found in the apartment, and the people will be unable to prove knowledge or intent on the part of the other three individuals.

As to Terrell Cornwell, the people are declining to prosecute for lack of sufficient evidence to meet our burden of proof at trial. While Cornwell's presence at the apartment with paper that could be used to manufacture forged checks would give rise to probable cause to believe he was involved in Laman McDonald's criminal enterprise, the lack of any admission from him or McDonald as to his involvement makes the mere possession of blank check stock insufficient to prove guilt beyond a reasonable doubt.

==================================================================
Action to be taken by Arresting Officer:
--------------------------------------------------
Check for Warrant.


_____              _____
Signature of Complainant                      Print Name of Complainant


                                              D'ANGELO, PETER L
_____              _____
Signature of Assistant DA                     Print Name of Assistant DA


_____              _____
Signature of Arresting Officer                Print Name, Shield, Command
Date: 10/18/2014 17:47

002307480

Typed by: D'ANGELO, PETER L

AFFIDAVIT IN SUPPORT OF DECLINING/DEFERRING PROSECUTION

==================================================================
Arresting Officer's                          Arrest
--------------------                         -----------------------
Name    : RODRIGUEZ ANGEL                    Arrest Date: 10/17/2014
Rank    : PO                                 Arrest Time: 06:30
Shield  : 12325
Command : 43 PCT
TaxID   : 951158000
==================================================================
CHARGES:
---------
   P.L. 170.40(2)

==================================================================
Defendants                          Address
-----------                         --------------------------------
1. B14673685 NICOLE THOMPSON        480 EAST 188 STR
2. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓          ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓          ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
4. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓          ▓▓▓ ▓▓▓▓ ▓▓▓ ▓▓▓▓▓

==================================================================
Complainant's Name:
--------------------
NONE

==================================================================
Category for Declining/Deferring prosecution:
-------------------------------------------------------
The People do not have sufficient evidence to prove the defendant committed
the crime(s) charged beyond a reasonable doubt.

==================================================================
Reason(s) for declining/deferring prosecution:
-------------------------------------------------------
The People are declining to prosecute the instant matter against the above
defendants due to insufficient evidence to support the charges.

On October 17, 2014, police officers were present at 480 East 188th Street,
Apartment 16J, to execute a valid search warrant issued by Honorable Justice of
the Supreme Court on October 12, 2014 and valid for 10 days thereafter. The
object of the search warrant was a firearm. Present in the apartment were Laman
McDonald (B14673683), Steven McDonald, Glenisa Rhone, and Nicole Thompson.
Glenisa Rhone and Steven McDonald were asleep in one bedroom while Laman
McDonald and Nicole Thompson were asleep in the other. All four individuals were
secured in handcuffs while officers searched the apartment. Before finding any
firearm, officers noticed that inside Laman McDonald's bedroom were numerous
pieces of forgery equipment, including a desktop computer and monitor, two
printers, including an ID card printer, a credit card skimmer, blank check
stock, and blank ID card stock. Sergeant Finegan eventually recovered a 9mm
pistol and ten rounds of 9mm caliber ammunition from a shoebox in the closet of
Laman McDonald's bedroom.

Laman McDonald confessed to possession of all the above contraband. All four
individuals were arrested. At the 43rd Precinct, Laman McDonald once again made
a full confession, this time in writing. He again absolved the other three
individuals in the apartment of all responsibility for the weapon and forgery
devices.

At approximately 11:30 am, Terrell Cornwell arrived at the apartment while
police officers were waiting to secure the location. Cornwell stated to officers
that he was there to see Laman McDonald. Cornwell was carrying a bag, which he



Page 1 of 2

gave the officers consent to search. In the bag was a package addressed to a
third party containing three reams of blank check stock. Cornwell was then
placed under arrest.

Laman McDonald was interviewed at the Bronx District Attorney's Office. McDonald
repeated his earlier story, insisting that his brother and the two women in the
apartment had no knowledge or involvement in any criminal activity. McDonald
also refused to implicate Terrell Cornwell. McDonald stated that he has dated
Nicole Thompson for about three years, but she lives in New Jersey and he has
not involved her in any of his criminal activities. Laman McDonald will be
charged with possession of the firearm, ammunition, and forgery devices.

Terrell Cornwell was also interviewed at the Bronx District Attorney's Office.
Cornwell stated that he never gave officers permission to open the package.
Cornwell stated that he was taking the package to the post office to return to
sender. Cornwell first stated the package had been delivered to his mother's
apartment by mistake, and then changed his story to say it had been delivered to
his girlfriend, Dara Tillard. Cornwell stated he went to the apartment to visit
Steven McDonald, not Laman McDonald. Cornwell stated that he does not have much to
to do with Laman McDonald because he is "an older man."

As to Steven McDonald, Glenisa Rhone, and Nicole Thompson, the people are
declining to prosecute for lack of sufficient evidence to meet our burden of
proof at trial. Laman McDonald has claimed full responsibility for all
contraband found in the apartment, and the people will be unable to prove
knowledge or intent on the part of the other three individuals.

As to Terrell Cornwell, the people are declining to prosecute for lack of
sufficient evidence to meet our burden of proof at trial. While Cornwell's
presence at the apartment with paper that could be used to manufacture forged
checks would give rise to probable cause to believe he was involved in Laman
McDonald's criminal enterprise, the lack of any admission from him or McDonald
as to his involvement makes the mere possession of blank check stock
insufficient to prove guilt beyond a reasonable doubt.

=========================================================================
Action to be taken by Arresting Officer:
-------------------------------------------------
Check for Warrant.



_____                    _____
Signature of Complainant                       Print Name of Complainant



                                                     D'ANGELO, PETER L
_____                    _____
Signature of Assistant DA                      Print Name of Assistant DA



_____                    _____
Signature of Arresting Officer                 Print Name, Shield, Command
Date: 10/18/2014 17:47

002307480

# Criminal Court
## Of the
# City Of New York



**Bronx County**
**215 E. 161ˢᵗ Street**
**Bronx, NY 10451**
**Tele- 718-618-2460**

**TO  WHOM IT MAY CONCERN:**

Re: _Rhone, Glenise_     Date of Birth: _7-14-89_

Arrest Number/ CCN: _B 14673690_

Docket Number: _____

Date of Arrest: _10-17-14_

The case/defendant that you requested information about has been adjourned/ disposed of by reason of:

___✗___ No Public Record / Sealed Case.

_____ Ind/Case# _____ Contact: **Supreme Court of the State of New York**
                                                **Bronx Hall of Justice**
                                                **265 East 161ˢᵗ Street 2ⁿᵈ Flr**
                                                **Bronx, N.Y. 10451**
                                                **Attn: Clerk's Office**

___✗___ Not Docketed—Our records indicate that the above arrest was Non-Processed and No Criminal charges were filed with this arrest.

_____ Case adjourned to _____ Part _____

_____ Warrant ordered on: _____

_____ Case Transferred on _____ to: **Bronx Family Court**
                                                  **900 Sheridan Ave**
                                                  **Bronx, New York 10451**

___✗___ Other: _No Charges Filed_

_Acc Aull Rez_                                 _11/19/14_
   **Name and Title**                                         **Date**

**Criminal Court**
**Of the**
**City Of New York**



<u>**Bronx County**</u>
**215 E. 161ˢᵗ Street**
**Bronx, NY 10451**
**Tele- 718-618-2460**

**TO WHOM IT MAY CONCERN:**

Re: _____ Steven McDonald _____ Date of Birth: 1-8-88

Arrest Number/ CCN: _____ B14673688 _____

Docket Number: _____ N/A _____

Date of Arrest: _____ 10-17-14 _____

The case/defendant that you requested information about has been adjourned/ disposed of by reason of:

____ No Public Record / Sealed Case.

____ Ind/Case# _____    Contact: Supreme Court of the State of New York
                                              <u>Bronx Hall of Justice</u>
                                              **265 East 161ˢᵗ Street 2ⁿᵈ Flr**
                                              **Bronx, N.Y. 10451**
                                              **Attn: Clerk's Office**

☒ Not Docketed--Our records indicate that the above arrest was Non-Processed and No Criminal
       charges were filed with this arrest.

____ Case adjourned to _____    Part _____.

____ Warrant ordered on: _____

____ Case Transferred on _____    to: <u>Bronx Family Court</u>
                                                  **900 Sheridan Ave**
                                                  **Bronx, New York 10451**

☒ Other: _____

_____ SCOA _____                    Nov-19,14

**Name and Title**                          **Date**

**Criminal Court**
**Of the**
**City Of New York**



**Bronx County**
215 E. 161ᵗ Street
Bronx, NY 10451
Tele- 718-618-2460

**TO  WHOM IT MAY CONCERN:**

Re: _Nicole Thompson_      Date of Birth: _9-23-68_

Arrest Number/ CCN: _B14673685_

Docket Number: _N/A_

Date of Arrest: _10-17-14_

**The case/defendant that you requested information about has been adjourned/ disposed of by reason of:**

____ No Public Record / Sealed Case.

____ Ind/Case# _____   Contact: **Supreme Court of the State of New York**
**Bronx Hall of Justice**
**265 East 161ᵗ Street 2ⁿᵈ Flr**
**Bronx, N.Y. 10451**
**Attn: Clerk's Office**

✗ Not Docketed—Our records indicate that the above arrest was Non-Processed and No Criminal charges were filed with this arrest.

____ Case adjourned to _____   Part _____

____ Warrant ordered on: _____

____ Case Transferred on _____   to: **Bronx Family Court**
**900 Sheridan Ave**
**Bronx, New York 10451**

✗ Other: _No charges filed_

_R Hunt_ SCOA                    _10-28-14_
**Name and Title**                    **Date**